Kyle A. Kinney, Esq. (Bar No. 027189)
LAW OFFICES OF KYLE A.KINNEY, PLLC
1717 N. 77th Street, Suite 6
Scottsdale, AZ 85257
Phone: (480) 269-7077
Fax: (480) 614-9414
Email: kyle@kinneylaw.net

*Attorney forDebtor*
Mark Swartz

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re<br><br>Mark Swartz,<br><br>      Debtor, | Case No. 2:18−bk−07157−DPC<br><br>**DEBTOR'S OPPOSITION TO TRUSTEE'S OBJECTION TO EXEMPTION** |

Debtor, Mark Swartz ("Swartz" or "Debtor"), by and through counsel undersigned, hereby submits his Response to the Trustee's Objection to Exemption (Docket Entry No. 35) requesting that a lien on Debtor's 2007 Chrysler Pacifica, with over 133,000 miles and a scheduled value of $2,771, in favor of Debtor's father, be declared void and avoided. The trustee improperly relies upon the case of *In re Glass*, 60 F.3d 565 (9th Cir. 1995) to support his position.

In *In re Glass*, 37 days **prior** to filing bankruptcy, the Debtor transferred his interest in his home to his son for no consideration and did not schedule the home or the transfer. A creditor discovered the transfer and the Debtor was required to schedule the asset, which he claimed was subject to a homestead exemption. The Court found that the transfer was a fraudulent transfer and the transfer itself voided the Debtor's homestead exemption. This

-1-

makes sense, because the debtor no longer had a home to be exempt because of the transfer on the petition date.

*In re Glass* does not apply to these facts. Debtor scheduled the 2007 Chrysler and the asset was not transferred prior to filing his petition. The title was jointly in Debtor's name and his father's name and the lien was in favor of the father. There was no "perfected" lien because it was not necessary. Debtor's father was on the actual title so he did not require a lien to protect his interest. Even if there was not a lien, the asset itself is not more than the $6,000.00 exemption which the Debtor is entitled to.

Debtor respectfully requests that the Trustee's Objection be denied. Debtor further requests that the trustee and/or his counsel be ordered to pay Debtor's costs and fees incurred in responding to the frivolous Objection.

RESPECTFULLY SUBMITTED this 19TH day of October 2018

**LAW OFFICES OF KYLE A. KINNEY, PLLC**

By: */s/Kyle A. Kinney*
Kyle A. Kinney, Esq. (027189)
1717 N. 77th Street, Suite 6
Scottsdale, Arizona 85257
*Attorney for Debtor*

I certify that the foregoing was submitted on October 19, 2018 in the United States Bankruptcy Court for filing and transmittal of notice of electronic filing to the ECF registrants appearing in this case, and by email to:

Robert A. Mackenzie
2001 E. Campbell Ave., Suite 200
Phoenix, AZ 85016

Terry A. Dake
20 E. Thomas Rd.
Suite 2200
Phoenix, Arizona 85012-3133
*Attorney for Trustee*

By: Paula D. Hillock