*TERRY A. DAKE, LTD.*
20 E. Thomas Rd.
Suite 2200
Phoenix, Arizona  85012-3133
Telephone: (602) 710-1005
tdake@cox.net

**Terry A. Dake - 009656**

Attorney for Trustee

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| In re: | ) | In Chapter 7 Proceedings |
| | ) | |
| MARK J. SWARTZ; | ) | Case No. 2:18-BK-07157-DPC |
| | ) | |
| Debtor. | ) | |

**REPLY IN SUPPORT OF
MOTION TO COMPEL COMPLIANCE
WITH 11 U.S.C. §521**

The trustee submits this reply in support of this motion to compel compliance with 11 U.S.C. §521 at Admin. Dkt. No. 35. The debtor's response is at Admin. Dkt. No. 39. The trustee's reply is more fully set forth in and is supported by the following Memorandum Of Points and Authorities.

DATED October 22, 2018.

*TERRY A. DAKE, LTD.*

By /s/ TD009656
    Terry A. Dake – 009656
    20 E. Thomas Rd.
    Suite 2200
    Phoenix, Arizona 85012-3133
    Attorney for Trustee

**MEMORANDUM OF POINTS AND AUTHORITIES**

**1. Verification of Social Security Number**

The debtor finally provided verification of his social security number today. As a result, that issue is moot.

### 2. The 2009 Mercedes

When the debtor filed for bankruptcy, the 2009 Mercedes which he owned became property of the estate. 11 U.S.C. §541; Admin. Dkt. No. 1, Schedule B, Item 3.2. That is true regardless of whether it is encumbered by a lien or not.

In this case, the trustee believes that the alleged lien is avoidable.[1] So, the trustee filed a motion and obtained and order to prevent the Mercedes from exiting the estate. See, Admin. Dkt. Nos. 22, 29. Thus, the Mercedes remains property of the estate without regard to the alleged lien.

Despite the fact that the Mercedes is property of the estate, the debtor took it upon himself to sell this asset post-petition. A copy of the bill of sale dated June 20, 2018, one day after the petition was filed, is attached to the trustee's motion. And, to make matters worse, the debtor agreed to accept installment payments from the buyer.

Since this vehicle is estate property, the trustee is entitled to the money that the debtor has and continues to receive from the vehicle. Who ultimately gets that money - the trustee, or the alleged lien holder - is an issue for the trustee and the alleged lien holder. But, the one party who has no dog in that fight is the debtor, yet the debtor is the one with the money.

The debtor seems to believe that it is his place to carry the torch for the alleged lien holder. And, the debtor seems to think he

---

[1] A lien avoidance demand was sent to the lien holder on October 8, 2018. To date, there has been no response.

2

is entitled to use the lien to stiff arm the trustee. There is no factual or legal basis for the debtor's actions. The debtor has no standing to assert the rights of the alleged lien holder (David Swartz), nor does the existence of this disputed lien diminish the estate's rights in this asset or its proceeds. The trustee controls this asset, and the proceeds of this asset, unless and until the lien is allowed and the vehicle is removed from the estate.

Not surprisingly, the debtor cites not one statute, nor one judicial opinion, that agrees with the debtor's position that he is entitled to withhold estate property from the trustee pending the allowance or disallowance of a lien.

The debtor's indisputable duty is turn over estate property to the trustee, lien or no lien. 11 U.S.C. §542; 11 U.S.C. §521(a)(4). The debtor's efforts to use the lien ostensibly held by David Swartz to withhold estate property from the trustee is misguided at best. At the other end of the spectrum, it is a felony. 18 U.S.C. §152(1). In between, it is grounds to deny the debtor's discharge. 11 U.S.C. §727(a)(2).

**WHEREFORE**, the trustee prays for the entry of an order compelling the debtor to turn over to the trustee all of the proceeds received from the sale of the 2009 Mercedes.

DATED October 22, 2018.

*TERRY A. DAKE, LTD.*

By  /s/ TD009656
  Terry A. Dake
  20 E. Thomas Rd.
  Suite 2200
  Phoenix, Arizona 85012-3133

3

Copy mailed on October 22, 2018 to:

**KYLE A. KINNEY**
LAW OFFICES OF KYLE A. KINNEY, PLLC
1717 N 77TH ST. , SUITE 6
SCOTTSDALE, AZ 85257
480-269-7077
Fax : 480-614- 9414
Email: kyle@kinneylaw.net

/s/ TD009656